# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 09-40013-FDS** |
| | ) | |
| **EFRAIN MATIAS,** | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

The United States of America, through its attorneys, Carmen M. Ortiz, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney William F. Bloomer, files this Memorandum in Opposition to the Defendant's Motion in Limine (DE 250). The defendant, Efrain Matias ("Matias"), raises eight issues in his pretrial motion. Six of these matters have already been addressed by the government in its initial motion in limine. The last two – relating to the admissibility of two of the defendant's prior drug trafficking convictions – are addressed below.

Defense counsel seeks to preclude the government from offering any evidence relative to the defendant's convictions (1) on or about August 2, 2004, in Worcester Superior Court, of possession with intent to distribute marijuana (Docket No. 2000-00491), and (2) on or about December 12, 2011, in the U.S. District Court for the District of Massachusetts, of attempting to possess cocaine with intent to distribute (Docket No. 08-40020-FDS). Matias claims that neither conviction is related to the conspiracy alleged in the indictment, and that, in any event, any probative value related to the admission of these convictions is substantially outweighed by the

danger of unfair prejudice to the defendant.[1]

At this time, the government does not expect to offer certified copies of the above convictions in evidence during its case in chief.  For reasons set forth below, however, the government reserves the right to introduce these convictions in evidence should Matias take the stand and put his credibility in issue. See Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993) ("Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."); United States v. Lewis, 626 F.2d 940 (D.D.C. 1980) (in upholding use of drug offense for impeachment purposes, court noted that trial judges should be reluctant to permit a defendant to appear before a jury as a person whose character entitles him to credence when his criminal record stands as direct testimony to the contrary).  The government further reserves the right to introduce these prior convictions in evidence should Matias put his intent and knowledge in issue, or in some other way require the government to re-assess its position. See, e.g., United States v. Turner, 501 F.3d 59, 72 (1st Cir. 2007) (evidence of defendant's prior firearms and larceny convictions admissible to rebut defendant's entrapment defense in Hobbs Act and firearms trial). Consequently, the government proposes that the Court defer ruling on the

---

[1]Matias's first claim – that neither conviction is related to the underlying charged conspiracy – is clearly wrong.  Matias himself testified at his cocaine trial that the $215,000 seized from him on the date of his arrest for attempting to possess cocaine represented proceeds from his marijuana distribution activities.  Thus, the conviction is related to the marijuana conspiracy as well as the CCE charge.  Similarly, Matias's conviction for marijuana distribution just one year prior to the charged CCE and marijuana conspiracy clearly is relevant to Matias's longstanding marijuana distribution efforts.  Matias also incorrectly adopts a Rule 403 analysis in seeking to exclude evidence of the convictions.  See United States v. Tse, 375 F.3d 148, 160, 164 (1st Cir. 2004) (noting that Rule 609 provides different standards for admissibility of prior convictions for witness, under Rule 403, and for defendant, under 609, which allows a court to admit the conviction if its probative value "outweighs its prejudicial effect to the accused.")

admissibility of the certified convictions until the record is sufficiently developed to make an

appropriate decision on the merits of their admissibility.  See United States v. Griffin,  818 F.2d

97, 104 (1st Cir. 1987) ("When, as here, the predicate examination has not been essayed, the trial

court cannot be held to its tentative forecast . . . it is too great a handicap to bind a trial judge to a

ruling on a subtle evidentiary question, requiring the most delicate balancing, outside a precise

factual context").

     Rule 609 of the Federal Rules of Evidence states in pertinent part:

**(a) General rule.-** For the purpose of attacking the character for truthfulness of a witness,

     (1) evidence that a witness other than an accused has been convicted of a crime shall be
admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of
one year under the law under which the witness was convicted, *and evidence that an accused has
been convicted of such a crime shall be admitted if the court determines that the probative value
of admitting this evidence outweighs its prejudicial effect to the accused*;

. . .

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more
than ten years has elapsed since the date of the conviction or of the release of the witness from
the confinement imposed for that conviction, whichever is the later date, unless the court
determines, in the interests of justice, that the probative value of the conviction supported by
specific facts and circumstances substantially outweighs its prejudicial effect.

. . .

**(e) Pendency of appeal.** The pendency of an appeal therefrom does not render evidence of a
conviction, inadmissible.  Evidence of the pendency of an appeal is admissible.

     In Massachusetts, the crime of possession of marijuana with intent to distribute is

punishable by a term of imprisonment of up to two years in the house of correction.  See G.L. c.

94C, § 32C.  Occurring less than one year before the alleged criminal conduct, the 2004

conviction in Worcester Superior Court clearly satisfies the requirements for admissibility under

Rule 609.  Similarly, the 2011 conviction in Worcester Federal Court for attempting to possess more than five kilograms of cocaine is a felony drug conviction that satisfies Rule 609's strictures.  See 21 U.S.C. § 841(a) and (b)(1)(A)(ii) (offense is punishable by not less than ten years, nor more than life in prison).

The question in this case then is whether "the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  See United States v. Tse, 375 F.3d 148, 160, 164 (1st Cir. 2004).  A trial court's construction of this balancing test is reviewed for abuse of discretion.  See United States v. Powell, 50 F.3d 94, 102 (1st Cir. 1995).  In general, a court may consider without limitation "(I) the impeachment value of the particular convictions, (ii) their immediacy or remoteness in time (even though they are within the ten-year window); (iii) the degree of potential prejudice that they portend; (iv) the importance of the defendant's testimony; and (v) the salience of the credibility issue in the circumstances of the particular cases."  United States v. Brito, 427 F.3d 53, 64 (1st Cir. 2005) (citations omitted).

Courts have concluded that prior drug trafficking crimes are generally viewed as having some bearing on veracity.  See United States v. Brito, 427 F.3d at 64 (upholding introduction of three prior drug convictions in evidence in felon-in-possession of firearm case); United States v. Hernandez, 106 F.3d 737, 739 (7th Cir. 1997) (permitting prior convictions for cocaine and marijuana distribution to be used for impeachment in kidnaping prosecution); United States v. Jenkins, 2003 WL 21047761 S.D.N.Y. 2003) (permitting use of prior drug conviction to be used for impeachment purposes in felon-in-possession prosecution).  Moreover, in a case in which a defendant was charged with importing more than 500 grams of cocaine into the country, the First Circuit has held that a district court "was well within its discretion" in admitting a prior drug

conviction against the defendant in evidence for impeachment purposes under Rule 609 "since it

allowed impeachment with only one of [the defendant's] two prior convictions; the prior

conviction was for drug trafficking, which we regard as bearing on credibility; [the defendant's]

credibility was central to the case; and the court instructed the jury that the prior conviction

could not be used as evidence of guilt but only to determine [the defendant's] credibility."

United States v. Barrow, 448 F.3d 37, 44 (1st Cir. 2006).

Here, the government suggests that the prudent course of action is to defer ruling on the

admissibility of the defendant's drug trafficking convictions until if/when the defendant takes the

stand and testifies or the record is otherwise sufficiently developed to allow the Court to make a

ruling based on the evidence, not speculation.  See United States v. Griffin,  818 at 104.  The

Court will then be best situated to weigh the probative value of the convictions against their

potential prejudicial effect to Matias.

## CONCLUSION

For reasons set forth above, the government respectfully requests that this court defer

ruling on the admissibility of the defendant's prior drug trafficking convictions until the issue is

ripe and the record sufficiently developed to make an appropriate decision on the merits of their

admissibility.[2]

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ William F. Bloomer
William F. Bloomer
Assistant U.S. Attorney
617-748-3100

## CERTIFICATE OF SERVICE

I, William F. Bloomer, hereby certify that this document filed through the ECF system on January 23, 2012, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non registered participants this date via US Postal Service, postage prepaid.

/s/William F. Bloomer
WILLIAM F. BLOOMER

Date: January 23, 2012

---

[2]The government will agree to alert the Court at sidebar outside the presence of the jury of its intention to admit certified copies of the defendant's convictions.